1   Cooley Godward Kronish LLP
    GORDON C. ATKINSON (122401) (atkinsongc@cooley.com)
2   BENJAMIN H. KLEINE (257225) (bkleine@cooley.com)
    101 California Street, 5th Floor
3   San Francisco, CA  94111-5800
    Telephone:    (415) 693-2000
4   Facsimile:     (415) 693-2222

5   Attorneys for Defendants American Century Companies, Inc.;
    American Century Global Investment Management, Inc.; James E.
6   Stowers, Jr.; James E. Stowers, III; Jonathan S. Thomas; Thomas A.
    Brown; Andrea C. Hall; Donald H. Pratt; Gale E. Sayers; M.
7   Jeannine Strandjord; Timothy S. Webster; William M. Lyons;
    Enrique Chan; Mark Kopinski; and Brian Brady and Nominal
8   Defendant American Century World Mutual Funds, Inc., dba
    American Century International Discovery Fund

9

10                    UNITED STATES DISTRICT COURT

11                          EASTERN DISTRICT

12                        SACRAMENTO DIVISION

13  | NELSON GOMES, individually, derivatively | Case No.  2:09-CV-02153-FCD-KJM |
    | and on behalf of all others similarly situated, | |
14  | | **MEMORANDUM OF LAW IN SUPPORT OF** |
15  | Plaintiff, | **MOTION TO TRANSFER VENUE** |
16  | v. | **Judge:**      Hon. Frank C. Damrell, Jr. |
    | | **Date:**       February 12, 2010 |
17  | AMERICAN CENTURY COMPANIES, INC.; | **Time:**       10:00 a.m. |
    | AMERICAN CENTURY GLOBAL | **Location:**  Courtroom 2 |
18  | INVESTMENT MANAGEMENT, INC.; | |
    | JAMES E. STOWERS, JR.; JAMES E. | |
19  | STOWERS, III; JONATHAN S. THOMAS; | |
    | THOMAS A. BROWN; ANDREA C. HALL; | |
20  | DONALD H. PRATT; GALE E. SAYERS; M. | |
    | JEANNINE STRANDJORD; TIMOTHY S. | |
21  | WEBSTER; WILLIAM M. LYONS; ENRIQUE | |
    | CHAN; MARK KOPINSKI; AND BRIAN | |
22  | BRADY, | |
23  | Defendants, | |
24  | AMERICAN CENTURY WORLD MUTUAL | |
    | FUNDS, INC., doing business as AMERICAN | |
25  | CENTURY INTERNATIONAL DISCOVERY | |
    | FUND, | |
26  | Nominal Defendant. | |

27

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

# TABLE OF CONTENTS

PAGE

I.   INTRODUCTION...........................................................................................................1

II.  FACTS .....................................................................................................................1

   A.   Plaintiff's Claims ...........................................................................................1

   B.   Plaintiff's Attorneys Have Filed Nearly Identical Lawsuits Across the
       Country.........................................................................................................2

       1.   McBrearty v. The Vanguard Group ....................................................2

       2.   Seidl v. American Century Companies ................................................2

       3.   Gamoran v. Neuberger Berman Management, LLC .............................4

       4.   Wodka v. Causeway Capital Management LLC...................................4

   C.   Plaintiff's Jurisdictional and Venue Allegations ............................................4

III. ARGUMENT ..............................................................................................................5

   A.   Legal Standard ...............................................................................................5

       1.   Standard for Personal Jurisdiction......................................................5

       2.   Standard for Nationwide Jurisdiction and Venue under RICO.................5

       3.   Standard for Transfer of Venue for Improper Venue/Jurisdiction
           and for Convenience ..........................................................................6

   B.   Venue Would Be Proper and Personal Jurisdiction Could be Had in the
       Southern District of New York........................................................................7

   C.   Personal Jurisdiction Cannot Be Exercised and Venue is Not Proper in the
       Eastern District of California..........................................................................8

   D.   The Interest of Justice and Convenience of the Parties and Witnesses
       Strongly Favor Venue in the Southern District of New York ...............................9

IV.  CONCLUSION..........................................................................................................12

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-0123

1

2

## <u>TABLE OF AUTHORITIES</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page(s)**

**CASES**

*A.J. Indus., Inc. v. U.S. Dist. Court,*
    503 F.2d 384 (9th Cir. 1974) .........................................................................................10

*Amazon.com v. Cendant Corp.,*
    404 F. Supp. 2d 1256 (W.D. Wa. 2005) ........................................................................10

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
    788 F.2d 535 (9th Cir 1986) ........................................................................................6, 9

*Cont'l Grain Co. v. The Barge FBL-585,*
    364 U.S. 19 (1960) .........................................................................................................10

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) ..................................................................................7, 9, 12

*Dist. No. 1, Pac. Coast Dist. v. Alaska,*
    682 F.2d 797 (9th Cir. 1982) ...........................................................................................6

*Gamoran v. Neuberger Berman Mgmt. LLC* ...........................................................................4
    No. 08-cv-10807 (S.D.N.Y. Dec. 12, 2008) (Cote, J.)

*Goldlawr, Inc. v. Heiman,*
    369 U.S. 463 (1962) .........................................................................................................6

*Harms v. Experian Info. Solutions, Inc.,*
    No. C 07-0697, 2007 WL 1430085 (N.D. Cal. May 14, 2007) ....................................11

*Lou v. Belzberg,*
    834 F.2d 730 (9th Cir. 1987) .........................................................................................11

*McBrearty v. The Vanguard Group,*
    No. 08-cv-07650 (S.D.N.Y. Aug. 29, 2008) (Cote, J.) ...........................................passim

*McBrearty v. The Vanguard Group, Inc.,*
    No. 08-civ-7650, 2009 WL 875220 (S.D.N.Y. April 2, 2009).......................................2

*Mikkilineni v. Gibson-Thomas Eng'g Co.,*
    No. 02-1118, 2003 WL 1846047 (D.D.C. March 31, 2003) .........................................11

*Omeluk v. Langsten Slip & Batbyggeri A/S,*
    52 F.3d 267 (9th Cir. 1995) .............................................................................................5

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

**PAGE(S)**

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*,
   138 F.3d 65 (2d Cir. 1998) .................................................................6

*Seidl v. American Century Companies, Inc.*,
   No. 08-cv-04117 (N.D. Cal. Aug. 28, 2008) (Armstrong, J.)........................passim

*Seidl v. American Century Companies, Inc.*,
   No. 08-cv-08857 (S.D.N.Y. Oct. 15, 2008) (Cote, J.) ...........................3

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ........................................................................6

*Wodka v. Causeway Capital Mgmt. LLC* .............................................4
   No. 09-cv-02625 (C.D. Cal. April 15, 2009) (Real, J.)

*Ziegler v. Indian River County*,
   64 F.3d 470 (9th Cir. 1995) .............................................................5

**STATUTES**

18 U.S.C. § 1955.............................................................................2

18 U.S.C. § 1964.............................................................................5

18 U.S.C. § 1965.......................................................................passim

28 U.S.C. § 1391.........................................................................7, 8

28 U.S.C. § 1404(a) ..................................................................6, 10, 12

28 U.S.C. § 1406(a) ...................................................................6, 9, 12

28 U.S.C. § 1631......................................................................6, 9, 12

Cal. Code Civ. Proc. § 410.10 ...........................................................5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

## I.   INTRODUCTION

This case has no relevant connection with the Eastern District of California, and it has many close connections—including a previously filed, almost identical case—to the Southern District of New York.  Defendants American Century Companies, Inc. ("ACC"), American Century Global Investment Management, Inc. ("ACGIM") and American Century World Mutual Funds, Inc. ("ACWMF") are Maryland and Delaware corporations, with their principal places of business in New York and Missouri.  The individual defendants—current and former board members, executives, and portfolio managers—reside primarily in the Kansas City, Missouri and New York City metropolitan areas.  None are California residents.  The claims are based on investment decisions by ACGIM and its officers and employees that took place predominantly in the Southern District of New York, and the activities of ACC and the ACWMF board of directors relating to ACWMF are centered in Missouri.

In fact, the only connection whatsoever that this case has to the Eastern District of California is that the named plaintiff, Nelson Gomes, resides here.  But given that Mr. Gomes seeks to represent a nationwide class of investors, his choice of forum should be given only minimal consideration in a case that otherwise has no connection to this district.  This is especially so given that plaintiff's counsel is engaged in blatant forum shopping:  this is the third *forum* in which ACC has been sued by plaintiff's counsel alleging these very same facts, and the fourth *forum* overall.

Since the Southern District of New York would be a proper venue and there is already pending in that district a virtually identical lawsuit brought by the same plaintiff's lawyers against most of the same defendants, transfer to the Southern District of New York would be far more expeditious, efficient and convenient for the parties and the courts.  Transfer would also be in the interest of justice, since it would avoid the possibility of duplicative (and therefore inefficient) litigation and inconsistent results.

## II.   FACTS

### A.   Plaintiff's Claims

Plaintiff has brought this action against ACC, ACGIM and ACWMF, together with

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1 current and former directors of ACWMF, current and former executives of ACWMF and ACC,

2 and the portfolio managers of the American Century International Discovery Fund (the "Fund").

3 (Compl. ¶¶ 21-26.)

4     Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18

5 U.S.C. s 1961 et seq. ("RICO") as well as common law claims for breach of fiduciary duty,

6 negligence and waste.  (Compl. ¶ 5.)  Plaintiff alleges that by causing the Fund to purchase shares

7 in BWin Interactive Entertainment AG ("BWin")—a company that is publicly traded on the

8 Vienna stock exchange under the ticker symbol "BWIN"—defendants "caused" ACWMF to

9 become a RICO "enterprise."  (Compl. ¶ 54.)  Plaintiff claims that this is the case because BWin

10 is an "illegal gambling business" under 18 U.S.C. § 1955 and that the mere ownership of publicly

11 traded shares in BWin thus constitutes a violation of § 1955, which is RICO predicate act.

12 (Compl. ¶¶ 5, 35.)

13

14 **B.    Plaintiff's Attorneys Have Filed Nearly Identical Lawsuits Across the Country**

15     This action is one of many nearly identical lawsuits filed against American Century and

16 other mutual fund companies by plaintiff's attorneys.

17     **1.    *McBrearty v. The Vanguard Group***

18     In August 2008, Plaintiff's counsel filed a virtually identical complaint against the

19 Vanguard Group in a case entitled *McBrearty v. The Vanguard Group*, No. 08-cv-07650

20 (S.D.N.Y. Aug. 29, 2008) (Cote, J.).  A motion to dismiss in that case was fully briefed and, on

21 April 2, 2009, Judge Denise Cote dismissed the *Vanguard* RICO claims for lack of proximate

22 cause and refused to exercise supplemental jurisdiction over the common law claims.  *See*

23 *McBrearty v. The Vanguard Group, Inc.*, No. 08-civ-7650, 2009 WL 875220 (S.D.N.Y. April 2,

24 2009) (a copy of which is attached as **Exhibit A** to the Kleine Decl. for the convenience of the

25 Court).  The *Vanguard* case is currently on appeal to the Second Circuit, which heard oral

26 argument on October 19, 2009.

27     **2.    *Seidl v. American Century Companies***

28     Also in August 2008, in a case entitled *Seidl v. American Century Companies, Inc.*, No.

COOLEY GODWARD KRONISH LLP ATTORNEYS AT LAW SAN FRANCISCO

2.

MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE 2:09-at-01233

1   08-cv-04117 (N.D. Cal. Aug. 28, 2008) (Armstrong, J.), plaintiff's counsel filed a nearly identical

2   complaint to that in this case in the Northern District of California against ACC, American

3   Century Mutual Funds, Inc. ("ACMF"), American Century Investment Management, Inc.

4   ("ACIM"), and individual board members, executives and investment managers.  In addition to

5   ACC, nine of the individual defendants named in the present action are also named in the *Seidl*

6   complaint.  Although the *Seidl* complaint names a different American Century mutual fund (the

7   American Century Ultra Fund instead of the American Century International Discovery Fund),

8   different investment managers (ACIM instead of ACGIM) and a different underlying investment

9   (in PartyGaming instead of BWin), it is otherwise nearly identical to the complaint in this action.

10          On October 8, 2008, Judge Sandra Brown Armstrong *sua sponte* entered an order

11   questioning whether venue was proper in the Northern District of California and requesting that

12   the parties brief the issue of whether the case should be transferred to the Western District of

13   Missouri or the Southern District of New York (a copy of Judge Armstrong's order is attached as

14   **Exhibit B** to the Kleine Decl.).  On October 15, 2008, immediately prior to the American Century

15   defendants briefing the venue issue, plaintiff voluntarily dismissed the case from the Northern

16   District of California and refiled in the Southern District of New York as *Seidl v. American*

17   *Century Companies, Inc.*, No. 08-cv-08857 (S.D.N.Y. Oct. 15, 2008) (Cote, J.).  Plaintiff's

18   counsel marked that case as related to *Vanguard*, and the case was thus assigned to Judge Cote.

19          Following the *Vanguard* dismissal in early April 2009, Judge Cote found the *Seidl* RICO

20   claims to be governed by the *Vanguard* decision and dismissed them.  (*See* Order dated April 28,

21   2009, a copy of which is attached as **Exhibit C** to the Kleine Decl.)  However, upon plaintiff's

22   request, the court allowed plaintiff the opportunity to amend to plead diversity jurisdiction over

23   the common law claims.  On May 8, 2009, plaintiff filed an Amended Verified Class Action and

24   Derivative Complaint against American Century, a copy of which is attached as **Exhibit D** to the

25   Kleine Decl. (the "*Seidl* Amended Complaint").  A comparison of the *Seidl* Amended Complaint

26   and the Complaint in this action shows that, apart from the differences discussed above, they are

27   virtually identical.  Plaintiff realleged her RICO claims in that pleading.

28          Defendants in the *Seidl* action moved for judgment on the pleadings, and on October 20,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

2009, after full briefing of the issues, Judge Cote allowed plaintiff one last opportunity to amend her complaint.  Plaintiff's Second Amended Complaint is currently due on November 20, 2009.

### 3.   *Gamoran v. Neuberger Berman Management, LLC*

In December 2008, plaintiff's counsel filed a nearly identical complaint against Neuberger Berman mutual funds, *Gamoran v. Neuberger Berman Mgmt. LLC*, no. 08-cv-10807 (S.D.N.Y. Dec. 12, 2008) (Cote, J.), which was also marked as a related case to the *Vanguard* case and assigned to Judge Cote.  That case was later voluntarily dismissed, with a stipulation allowing it to be refiled after a decision in the *Vanguard* appeal to the Second Circuit.

### 4.   *Wodka v. Causeway Capital Management LLC*

On April 15, 2009, shortly after Judge Cote's decision in the *Vanguard* case, plaintiff's counsel filed a nearly identical complaint in the Central District of California against Causeway Capital (which was alleged to have its principal place of business in California).  *See Wodka v. Causeway Capital Mgmt. LLC*, no. 09-cv-02625 (C.D. Cal. April 15, 2009) (Real, J.).  On October 8, 2009, after full briefing of a motion to dismiss, Judge Manuel Real dismissed the RICO claims adopting Judge Cote's reasoning in the *Vanguard* decision and finding a lack of proximate cause.  Plaintiff has recently appealed that decision to the Ninth Circuit.

### C.   Plaintiff's Jurisdictional and Venue Allegations

Plaintiff has alleged no facts that demonstrate or even suggest that jurisdiction or venue is proper in the Eastern District of California.  Plaintiff merely alleges that plaintiff is a citizen and resident of Solano County (Compl. ¶ 10) and that "one or more Defendants reside, has an agent, or transacts their affairs within this district" (Compl. ¶ 29), without any actual factual allegations to support such a conclusory statement.

Contradicting this, plaintiff also alleges that nominal defendant ACWMF is a Maryland corporation, with its principal place of business in Kansas City, Missouri (Compl. ¶ 13), that ACC is a Maryland[1] corporation with principal place of business in Kansas City, Missouri (Compl. ¶ 17), that ACGIM is a Delaware corporation, with principal place of business in New

---

[1] Although ACC is actually a Delaware corporation, the difference is immaterial for this motion to transfer venue to the Southern District of New York.

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

4.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1  York, New York (Compl. ¶ 19), and that the individual defendants are citizens of the states of

2  New York, Connecticut, Missouri, Kansas and Illinois (Compl. ¶ 27).  Plaintiff nowhere alleges

3  any connection to or presence in the state of California for any of the defendants.

4         Concerning the supposed "facts" giving rise to the claims, plaintiff alleges that ACGIM is

5  the investment advisor and was "responsible for management of the Fund and implementing the

6  investment strategy complained of herein" (Compl. ¶ 20), and ACGIM has its principal place of

7  business in New York, New York.  (Compl. ¶ 19.)  Thus the alleged "implement[ation of] the

8  investment strategy complained of" took place in the Southern District of New York.  The shares

9  of BWin are traded on the Vienna stock exchange and thus the purchase of such shares would

10  have had no connection to the state of California.  The activities of ACC and the ACWMF board

11  of directors relating to ACWMF would likely have taken place predominantly in Missouri, where

12  ACC is headquartered.  It is hard to imagine a venue less connected to the underlying allegations

13  in this case than the venue selected by plaintiff's counsel in this action, the fourth forum in which

14  it has brought such an action.

15  **III.   ARGUMENT**

16         **A.    Legal Standard**

17                **1.    Standard for Personal Jurisdiction**

18         A federal court's exercise of personal jurisdiction over a defendant "must comport with

19  the state long-arm statute, and with the constitutional requirement of due process."  *Omeluk v.*

20  *Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995).  However, because

21  California's long-arm statute extends jurisdiction to the limits imposed by the Due Process

22  Clause, the only question is whether the exercise of jurisdiction is constitutionally permissible.

23  Cal. Code Civ. Proc. § 410.10; *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

24         It is the plaintiff's burden to establish jurisdiction.  *Ziegler*, 64 F.3d at 473.

25                **2.    Standard for Nationwide Jurisdiction and Venue under RICO**

26         Plaintiff cites to 18 U.S.C. § 1965 as a basis for venue.  (Compl. ¶ 29.)  That section

27  allows for nationwide service of process in RICO lawsuits under 18 U.S.C. § 1964 where it is

28  shown that "the ends of justice" require it.  18 U.S.C. § 1965(b).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                    5.            MEMORANDUM IN SUPPORT OF MOTION
                                                              TO TRANSFER VENUE
                                                              2:09-at-01233

1   Nationwide service of process and venue under 18 U.S.C. § 1965 is not automatic.

2   Instead, "[f]or nationwide service to be imposed under section 1965(b), the court must have

3   personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy

4   and the plaintiff must show that there is no other district in which a court will have personal

5   jurisdiction over all of the alleged co-conspirators." *Butcher's Union Local No. 498 v. SDC Inv.,*

6   *Inc.*, 788 F.2d 535, 539 (9th Cir 1986); *see also PT United Can Co. Ltd. v. Crown Cork & Seal*

7   *Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998) (adopting *Butcher's Union* test for the Second Circuit).

8   Thus, in order to avail itself of nationwide service of process and venue under 18 U.S.C.

9   § 1965, plaintiff must first demonstrate that personal jurisdiction is proper over one defendant and

10  that there is no other district that would have jurisdiction over all defendants.

11
      **3.      Standard for Transfer of Venue for Improper Venue/Jurisdiction and
12              for Convenience**

13  Under 28 U.S.C. § 1406(a), where venue is improper, a court will either dismiss the action

14  or, if it is "in the interest of justice," transfer the case to any district where it could have been

15  brought. *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982).  Where

16  personal jurisdiction (in addition to improper venue) is lacking, the court may transfer the action

17  under 28 U.S.C. § 1406(a) to a district where personal jurisdiction and venue defects are avoided.

18  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).  Similarly, 28 U.S.C. § 1631 authorizes

19  transfer where "there is a want of jurisdiction" and "it is in the interest of justice."

20  Under 28 U.S.C. § 1404(a), a court may transfer venue "[f]or the convenience of parties

21  and witnesses, in the interest of justice."  The purpose of § 1404(a) transfer is to "prevent the

22  waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against

23  unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

24  (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  There are two

25  statutory requirements for convenience transfer: (1) that the district to which defendants seek to

26  have the action transferred is one in which the action "might have been brought," and (2) that the

27  transfer be for the convenience of parties and witnesses and in the interest of justice.  28 U.S.C. §

28  1404(a).  But when assessing the transfer of venue under § 1404(a), courts look at a number of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1   more specific factors, including (1) the convenience of the parties and witnesses; (2) the location

2   where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of

3   proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee

4   forum; (6) the relative congestion of the two courts; (7) the public interest in the local

5   adjudication of local controversies; and (8) the relative familiarity of the two courts with the

6   applicable law.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

7   1986).

8   **B.      Venue Would Be Proper and Personal Jurisdiction Could be Had in the**
9   **            Southern District of New York**

10   Venue would be proper in the Southern District of New York since ACGIM has its

11   principal place of business in that district (Compl. ¶ 19) and ACGIM was allegedly responsible

12   for implementing the investment strategy in question (Compl. ¶ 20).  Thus, a "substantial part of

13   the events or omissions giving rise to the claim occurred" in the Southern District of New York,

14   and venue would thereby be proper under 28 U.S.C. § 1391(a)(2).

15   Personal jurisdiction would also be properly exercised over defendants in the Southern

16   District of New York.  Without engaging in a complex analysis of the traditional state long-arm /

17   Due Process Clause test for the exercise of personal jurisdiction over each defendant in New

18   York, even if personal jurisdiction could not be had individually over each defendant under

19   traditional means, personal jurisdiction could be had under the RICO nationwide service

20   provision, 18 U.S.C. § 1965(b), since at least one defendant (*i.e.*, ACGIM) is subject to personal

21   jurisdiction in the Southern District of New York and there is not likely to be another district in

22   which all defendants are subject to jurisdiction.  In fact, the primary difference between this

23   action and the *Seidl* action currently pending in the Southern District of New York is that the

24   investment advisor in *Seidl*, ACIM, is based in Missouri, whereas the investment advisor in this

25   action, ACGIM, is based in New York City—*i.e.*, in the Southern District of New York.  Thus,

26   there is an even stronger connection to the Southern District of New York in this action than in

27   the *Seidl* action, which plaintiff's counsel chose to file in that district (after having originally filed

28   in the Northern District of California and after recognizing that venue was likely improper there).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1   **C.**   **Personal Jurisdiction Cannot Be Exercised and Venue is Not Proper in the Eastern District of California**

2

3   Plaintiff has not alleged any facts whatsoever showing or suggesting that an exercise of

4   personal jurisdiction over defendants is proper, although it appears plaintiff may be relying on the

5   RICO nationwide service of process provision of 18 U.S.C. § 1965(b).

6   Plaintiff pleads proper venue under the general venue statute, 28 U.S.C. § 1391, and the

7   RICO service of process and venue provision, 18 U.S.C. § 1965, alleging in conclusory fashion

8   that "some of the acts and practices complained of herein occurred in substantial part within this

9   district and because one or more Defendants reside, has an agent, or transacts their affairs within

10  this district." (Compl. ¶ 29.)

11  Venue is, in fact, *improper* in the Eastern District of California under the general venue

12  statute. *First*, not all defendants reside in the same state. 28 U.S.C. § 1391(b)(1). *Second*, "a

13  substantial part of the events or omissions giving rise to the claim"[2] did not occur in the Eastern

14  District of California. 28 U.S.C. § 1391(b)(2). Instead, *most* of the managerial decisions

15  regarding the holdings of the Fund took place in New York (Compl. ¶¶ 19-20), and most other

16  actions are likely to have taken place either abroad (where BWin is headquartered and publicly

17  traded) or in Missouri (where ACC is headquartered). Plaintiff has not alleged a single event or

18  omission that took place in the Eastern District of California. *Third*, there is a district in which

19  the action may otherwise be brought—the Southern District of New York—and therefore 28

20  U.S.C. § 1391(b)(3) cannot form the basis of proper venue in the Eastern District of California.

21  Venue and nationwide service of process is likewise improper in the Eastern District of

22  California under the RICO venue/jurisdiction provision. Under 18 U.S.C. § 1965(a), a RICO

23  action may be brought in a district in which the defendant "resides, is found, has an agent, or

24  transacts his affairs." Plaintiff has not alleged any connection with the Eastern District of

25  California for any defendant, let alone for all defendants, and therefore venue is not proper in the

26

27  ------
    [2] Defendants note that plaintiff misstates the requirement of § 1391(b)(2) as requiring only that

28  "some of the acts and practices complained of herein occurred in substantial part within this
    district." Compl. ¶ 29.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1  Eastern District of California by virtue of section 1965(a) alone.  Under 18 U.S.C. § 1965(b),

2  venue and jurisdiction may be proper if the "ends of justice require."  But "[f]or nationwide

3  service to be imposed under section 1965(b), the court must have personal jurisdiction over at

4  least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that

5  there is no other district in which a court will have personal jurisdiction over all of the alleged co-

6  conspirators."  *Butcher's Union*, 788 F.2d at 539.  Because plaintiff has not alleged facts

7  supporting personal jurisdiction over any defendant and because personal jurisdiction could be

8  had over all defendants in the Southern District of New York, section 1965(b) does not authorize

9  nationwide service of process from the Eastern District of California, and venue and jurisdiction

10  are therefore improper in this district.

11          For these reasons, defendants believe that venue and an exercise of personal jurisdiction

12  are improper in this district and that the Court should transfer this action to the Southern District

13  of New York pursuant to 28 U.S.C. § 1406(a) (improper venue) and 28 U.S.C. § 1631 ("want of

14  jurisdiction").

15          **D.      The Interest of Justice and Convenience of the Parties and Witnesses Strongly
16          Favor Venue in the Southern District of New York**

17          However, even if venue (and the exercise of personal jurisdiction over defendants) were

18  proper in the Eastern District of California, the interest of justice and the convenience of the

19  parties and witnesses so strongly favor transfer of venue to the Southern District of New York

20  that the Court need not engage in a detailed analysis of whether venue / personal jurisdiction

21  would be proper in this district.

22          Plaintiff has alleged that ACGIM—headquartered in the Southern District of New York—

23  "was responsible for management of the Fund and implementing the investment strategy

24  complained of."  (Compl. ¶ 20.)  Under the *Decker Coal* factors, therefore, the Southern District

25  of New York (1) is likely to be a more convenient forum for the parties and for witnesses, (2) is

26  the location where many of the alleged events underlying the lawsuit took place and (3) is likely

27  to offer easier access to sources of proof.  Furthermore, (4) there is already a closely related case

28  pending in the Southern District of New York, namely *Seidl v. American Century Companies,*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1  *Inc.*, and (5) due to her work on the *Vanguard*, *Seidl* and *Neuberger Berman* cases, Judge Cote in

2  the Southern District of New York is already intimately familiar with the factual and legal issues

3  involved in this action.

4      The fact that there is related litigation in the Southern District of New York <u>strongly</u>

5  favors transfer.  As a recent district court in the Ninth Circuit held, "[t]he pendency of related

6  actions in the transferee forum is a significant factor in considering the interest of justice factor.

7  Litigation of related claims in the same tribunal is <u>strongly favored </u>because it facilitates efficient,

8  economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative]

9  litigation and inconsistent results." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261

10  (W.D. Wa. 2005) (emphasis added) (quoting *Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H,

11  2005 WL 2439197 at *2 (S.D. Cal. Sept. 28, 2005) and *Durham Prods., Inc. v. Sterling Film*

12  *Portfolio, Ltd.*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982)).  Particularly significant is the

13  possibility of consolidation of this action with the *Seidl* action.  *A.J. Indus., Inc. v. U.S. Dist.*

14  *Court*, 503 F.2d 384, 389 (9th Cir. 1974).  As the U.S. Supreme Court stated, "[t]o permit a

15  situation in which two cases involving precisely the same issues are simultaneously pending in

16  different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was

17  designed to prevent." *Cont'l Grain*, 364 U.S. at 26.

18      The *Seidl* action involves allegations that are virtually identical to those in this action.

19  The only differences are that the underlying allegedly illegal gambling companies are different

20  (PartyGaming in *Seidl* versus BWin in this action), different mutual funds are involved (the Ultra

21  Fund in *Seidl* versus the International Discovery Fund in this action), and the investment

22  management companies are different (ACIM in *Seidl* versus ACGIM in this action), although

23  both of the investment management companies are within the larger "American Century" group

24  of companies.  The actions involve the same general allegations and claims.   And both actions

25  name ACC and nine of the same individuals as defendants.  Thus, requiring defendants to litigate

26  these extremely similar and closely related lawsuits in two separate districts would be inefficient,

27  wasteful and would risk inconsistent results.  The interests of justice and convenience of the

28  parties and witnesses thus strongly favors transfer to the Southern District of New York.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1       It is no doubt with the *precise hope of* achieving *inconsistent results* that plaintiff's

2   counsel has filed this action in the Eastern District of California, which plaintiff's counsel hopes

3   is a more receptive venue than the three others they have tried.  Given that (a) Judge Cote in the

4   Southern District of New York has already dismissed the *McBrearty* case and has already once

5   dismissed the RICO claims from the *Seidl* action, (b) Judge Armstrong in the Northern District of

6   California *sua sponte* questioned whether venue was proper in the original *Seidl* action and (c)

7   Judge Real in the Central District of California has followed Judge Cote's *McBrearty* decision in

8   dismissing the *Causeway Capital* case, plaintiff's counsel is trying out yet another district—a

9   district with little to no relationship with defendants or the subject matter of the litigation.

10  Plaintiff's choice of forum should thus be given little weight.  *Harms v. Experian Info. Solutions,*

11  *Inc.*, No. C 07-0697, 2007 WL 1430085 at *2 (N.D. Cal. May 14, 2007) (where named plaintiffs

12  were different but plaintiffs' attorneys were the same in two actions filed in different districts,

13  court held that the "circumstances suggest strongly that Plaintiffs are forum shopping, and that

14  this Court should exercise its discretion in favor of a transfer."); *Mikkilineni v. Gibson-Thomas*

15  *Eng'g Co.*, No. 02-1118, 2003 WL 1846047 at *2 (D.D.C. March 31, 2003) ("The court gives

16  less weight to the plaintiff's choice of forum in this instance because the plaintiff is forum

17  shopping.")

18      Similarly, plaintiff's choice of forum should only be given minimal weight since plaintiff

19  is only a representative plaintiff, seeking to represent a class of plaintiffs drawn from across the

20  nation.  As the Ninth Circuit has held, "[a]lthough great weight is generally accorded plaintiff's

21  choice of forum, when an individual brings a derivative suit or represents a class, the named

22  plaintiff's choice of forum is given less weight. . . .  If the operative facts have not occurred

23  within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice

24  is entitled to only <u>minimal consideration</u>."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)

25  (emphasis added) (citations omitted).  Here, plaintiff has brought both derivative and class claims

26  and, apart from the named plaintiff's residence, the litigation has no other connection to the

27  Eastern District of California.  Thus, only minimal consideration should be given to plaintiff's

28  choice of forum.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

MEMORANDUM IN SUPPORT OF MOTION
TO TRANSFER VENUE
2:09-at-01233

1    In summary, under the *Decker Coal* analysis, almost all of the factors strongly favor

2    transfer to the Southern District of New York and none offer more than minimal support for

3    retention of this action in the Eastern District of California.

4    **IV.   CONCLUSION**

5    For the foregoing reasons, defendants respectfully submit that this court should transfer

6    venue to the Southern District of New York under 28 U.S.C. § 1406(a), 28 U.S.C. § 1631, and/or

7    28 U.S.C. § 1404(a).

8

9    Dated: November 10, 2009

10                                        COOLEY GODWARD KRONISH LLP
                                          GORDON C. ATKINSON (122401)
11                                        BENJAMIN H. KLEINE (257225)

12

13

14   By:   /s/ Gordon C. Atkinson
                    Gordon C. Atkinson
15                  Attorneys for Defendants and Nominal Defendant

16

17   Marguerite C. Bateman
     Steuart H. Thomsen
18   SUTHERLAND ASBILL & BRENNAN LLP
     1275 Pennsylvania Avenue, NW
19   Washington, DC 20004
     202-383-0100
20   marguerite.bateman@sutherland.com
     steuart.thomsen@sutherland.com

21   Additional Attorneys for Defendants Thomas A.
     Brown, Andrea C. Hall, Donald H. Pratt, Gale E.
22   Sayers, M. Jeannine Strandjord, Timothy S.
     Webster, and Nominal Defendant American
23   Century World Mutual Funds, Inc., doing business
     as American Century International Discovery Fund

24

25   1148731 v3/SF

26

27

28

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.       MEMORANDUM IN SUPPORT OF MOTION
              TO TRANSFER VENUE
              2:09-at-01233