Cooley Godward Kronish LLP
GORDON C. ATKINSON (122401) (atkinsongc@cooley.com)
BENJAMIN H. KLEINE (257225) (bkleine@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants American Century Companies, Inc.; American Century Global Investment Management, Inc.; James E. Stowers, Jr.; James E. Stowers, III; Jonathan S. Thomas; Thomas A. Brown; Andrea C. Hall; Donald H. Pratt; Gale E. Sayers; M. Jeannine Strandjord; Timothy S. Webster; William M. Lyons; Enrique Chan; Mark Kopinski; and Brian Brady and Nominal Defendant American Century World Mutual Funds, Inc., dba American Century International Discovery Fund

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

SACRAMENTO DIVISION

| | |
|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY GLOBAL INVESTMENT MANAGEMENT, INC.; JAMES E. STOWERS, JR.; JAMES E. STOWERS, III; JONATHAN S. THOMAS; THOMAS A. BROWN; ANDREA C. HALL; DONALD H. PRATT; GALE E. SAYERS; M. JEANNINE STRANDJORD; TIMOTHY S. WEBSTER; WILLIAM M. LYONS; ENRIQUE CHAN; MARK KOPINSKI; AND BRIAN BRADY,<br><br>Defendants,<br><br>AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND,<br><br>Nominal Defendant. | Case No. 2:09-CV-02153-FCD-KJM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>**Judge:** Hon. Frank C. Damrell, Jr.<br>**Date:** May 7, 2010<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 2 |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 1
II. FACTS ........................................................................................................................ 1
    A. Background to Current Motion and Plaintiff's Dismissal ............................... 1
    B. Other Actions Filed By Plaintiff's Counsel .................................................... 5
III. ARGUMENT .............................................................................................................. 6
    A. Sanctions Pursuant to 28 U.S.C. § 1927 ......................................................... 6
    B. Sanctions Pursuant to Courts' Inherent Powers ............................................... 7
    C. Analysis Under Section 1927 and Court's Inherent Power ............................. 7
        1. The Complaint was frivolous ............................................................... 8
        2. Plaintiff's Counsel knowingly filed this frivolous complaint ............ 11
        3. Plaintiff's Counsel's actions were reckless ........................................ 12
    D. Sanctions Pursuant to Federal Rule of Civil Procedure 11 ........................... 13
        1. Plaintiff's Counsel has violated Rule 11 ............................................ 13
        2. This Court retains jurisdiction to impose Rule 11 sanctions ............. 14
    E. Forum Shopping ............................................................................................ 15
IV. CONCLUSION ......................................................................................................... 16

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B.K.B. v. Maui Police Dept.*,
   276 F.3d 1091 (9th Cir. 2002) ...................................................................................... 8, 12

*Barber v. Miller*,
   146 F.3d 707 (9th Cir. 1998) .............................................................................................. 14

*Buster v. Greisen*,
   104 F.3d 1186 (9th Cir. 1997) ..................................................................................... 7, 8, 13

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ..................................................................................... 7, 9, 13

*Commercial Space Mgmt. Co. v. Boeing Co.*,
   193 F.3d 1074 (9th Cir. 1999) ............................................................................................ 15

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. ................................................................... 13, 15

*Faurie v. Berkeley Unified Sch. Dist.*,
   2008 WL 1886011 (N.D. Cal. April 25, 2008) .................................................................. 12

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ............................................................................................ 6, 7

*Glaser v. City of San Diego*,
   1998 WL 133475 (9th Cir. Mar. 18, 1998) ........................................................................ 13

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005) ..................................................................................... 8, 9, 10

*In re Keegan Mgmt. Co. Sec. Litig.*,
   78 F.3d 431 (9th Cir. 1996) ......................................................................................... 7, 8, 12

*Madamba v. Certified Grocers California, LTD*,
   1998 WL 339685 (9th Cir. May 12, 1998) ........................................................................ 15

*Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*,
   117 F.3d 1128 (9th Cir. 1997) ............................................................................................ 10

*Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*,
   792 F.2d 797 (9th Cir. 1986) .............................................................................................. 14

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
   115 F.3d 644 (9th Cir. 1997) ............................................................................................ 7, 8

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

*Radcliffe v. Rainbow Construction*,
    254 F.3d 772 (9th Cir. 2001) ............................................................................................. 14

*Retail Flooring v. Beaulieu*,
    339 F.3d 1146 (9th Cir. 2003) ........................................................................................... 14

*U.S. v. Blodgett*,
    709 F.2d 608 (9th Cir. 1983) ............................................................................................... 6

*Zaldivar v. City of Los Angeles*,
    780 F.2d 823 (9th Cir. 1986) ............................................................................................. 13

**STATUTES**

18 U.S.C. § 1955 ............................................................................................................................ 2

18 U.S.C. § 1965 ..................................................................................................................... 8, 9

28 U.S.C. 1927 ..................................................................................................................*passim*

28 U.S.C. § 1391 .............................................................................................................. 8, 9, 10

Fed. R. Civ. P. 11 ................................................................................................... 9, 13, 14

Fed. R. Civ. P. 23.1 ....................................................................................................................... 2

Fed. R. Civ. P. 41 ................................................................................................................ 14, 15

*Radcliffe v. Rainbow Construction*,
    254 F.3d 772 (9th Cir. 2001) ............................................................................................. 14

*Retail Flooring v. Beaulieu*,
    339 F.3d 1146 (9th Cir. 2003) ........................................................................................... 14

*U.S. v. Blodgett*,
    709 F.2d 608 (9th Cir. 1983) ............................................................................................... 6

*Zaldivar v. City of Los Angeles*,
    780 F.2d 823 (9th Cir. 1986) ............................................................................................. 13

**STATUTES**

18 U.S.C. § 1955 ............................................................................................................................ 2

18 U.S.C. § 1965 ..................................................................................................................... 8, 9

28 U.S.C. 1927 ..................................................................................................................*passim*

28 U.S.C. § 1391 .............................................................................................................. 8, 9, 10

Fed. R. Civ. P. 11 ................................................................................................... 9, 13, 14

Fed. R. Civ. P. 23.1 ....................................................................................................................... 2

Fed. R. Civ. P. 41 ................................................................................................................ 14, 15

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

Pursuant to 28 U.S.C. section 1927, this Court's inherent power, and Fed. R. Civ. P. 11, Defendants American Century Companies, Inc. ("ACC"), American Century Global Investment Management, Inc. ("ACGIM"), James E. Stowers, Jr., James E. Stowers, III, Jonathan S. Thomas, Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, William M. Lyons, Enrique Chan, Mark Kopinski, Brian Brady, and nominal defendant American Century World Mutual Funds, Inc. ("ACWMF"), dba American Century International Discovery Fund (the "Fund") (collectively, "Defendants") hereby submit their Motion for Sanctions ("Motion") against Plaintiff Nelson Gomes's Counsel, Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP ("Plaintiff's Counsel").

## I. INTRODUCTION

Plaintiff's Counsel is engaged in a series of forum-shopping efforts across the country to try to find a court—*any court*—to agree with its baseless legal theory that a mutual fund's purchase of stock in a publicly-traded company can be a violation of RICO if that publicly-traded company (*not the mutual fund)* is itself engaged in activities that are deemed by a governmental agency to be criminal in nature. Plaintiff's Counsel has now tried this theory out in at least five United States District Courts, and is likely looking for more, now that the Central District of California, the Southern District of New York and the Second Circuit Court of Appeals have (appropriately) disapproved its RICO theory as having no legal basis whatsoever.

## II. FACTS

### A. Background to Current Motion and Plaintiff's Dismissal

Plaintiff's Counsel filed a detailed 22-page complaint with this Court on August 4, 2009 ("Complaint," Docket No. 1) and then voluntarily dismissed it on January 22, 2010 (Notice of Voluntary Dismissal, Docket No. 14.) The Complaint had asserted against various American Century companies, officers, directors and the portfolio managers of the Fund claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), as well as common law claims for breach of fiduciary duty, negligence and waste. (Compl. ¶¶ 5, 21-26.) Plaintiff claimed that by causing the Fund to purchase shares in BWin Interactive Entertainment AG ("BWin")—a company publicly traded on the Vienna stock exchange—Defendants "caused"

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   MEMORANDUM OF LAW IN SUPPORT OF
    MOTION FOR SANCTIONS
    2:09-CV-02153

ACWMF to become a RICO "enterprise." (Compl. ¶ 54.) Plaintiff's theory is based on an argument that BWin is an "illegal gambling business" under 18 U.S.C. § 1955 and that the Fund's mere ownership of publicly traded shares in BWin thus constitutes a violation of § 1955, a RICO predicate act. (Compl. ¶¶ 5, 33, 35.)

On November 10, 2009, Defendants filed in this Court a Motion to Transfer Venue and an extensive accompanying Memorandum of Law in Support of Motion to Transfer Venue (together, "Venue Motion"), seeking to transfer the action to the Southern District of New York based on lack of personal jurisdiction, improper venue, "the interest of justice and the convenience of the parties and witnesses." (Venue Mot., Mem. 9, Docket No. 12.) Plaintiff's opposition was due on January 29, 2010 and a hearing date was scheduled for February 12, 2010. However, on January 22, 2010, more than two months after Defendants filed the Venue Motion and a mere week before Plaintiff's opposition was due, Plaintiff filed a notice of voluntary dismissal closing the case.[1]

Plaintiff's Counsel should not have needed to review the Defendants' Venue Motion, however, before realizing that the choice of venue was improper. First and foremost, a simple review of the Complaint itself should have caused Plaintiff's Counsel to realize that there were serious venue issues—and even fatal jurisdictional problems—with its venue selection. In spite of knowing that the *only* fact alleged in the Complaint even relating to California was Plaintiff's residence, the Complaint boldly (*and falsely*) stated that "[v]enue is proper in this district . . . because some of the acts and practices complained of herein occurred in substantial part within this district and because one or more Defendants reside, has an agent or transacts their affairs within this district." (Compl. ¶ 29.) This was not only false, but Plaintiff's Counsel *knew it was false* at the time it filed the Complaint.

For starters, none of the "acts and practices complained of" in the Complaint occurred within this district, let alone a "substantial part" of them. (*Id.*) Next, having just stated in the prior paragraph that no defendant was a citizen of California (thus giving rise to its claim of diversity jurisdiction) (Compl. ¶ 28), Plaintiff's Counsel then stated that one or more Defendants

---

[1] We note that Fed. R. Civ. P. 23.1(c) technically requires "the court's approval" for any voluntary dismissal and requires that notice of the voluntary dismissal be given to shareholders "in the manner that the court orders." Plaintiff's Counsel ignored this requirement.

2. MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

"reside" in the State. (Compl. ¶ 29.) While Defendants acknowledge that it is—theoretically—possible for some number of parties to "reside" in California while being citizens of a different state, this allegation was utterly unsupported. *If* Plaintiff's Counsel did some diligence and determined that one or more parties resided in California, it should have revealed those facts in the Complaint. That Plaintiff's Counsel did not do so speaks volumes. And, beyond that, Plaintiff's Counsel offered no factual support for the unadorned statement that "one or more Defendants . . . has an agent or transacts their affairs" in the state. (*Id.*) Such factually unsupported statements make for frivolous complaints.

If this were the first time Plaintiff's Counsel had stretched the truth in order to find a (hopefully) favorable forum, Defendants would not be as concerned and would not have filed this motion. Instead, Plaintiff's Counsel was on clear notice, *prior to filing this action*, that it had venue and jurisdiction problems filing such a complaint against American Century-related defendants in any federal court venued in California. While previously representing another plaintiff (Laura Seidl), on August 28, 2008, Plaintiff's Counsel filed a nearly-identical complaint on nearly-identical facts in the Northern District of California against American Century and certain other individual Defendants in this action. (Kleine Decl. Ex. A.) There, in an order by the Honorable Saundra Brown Armstrong, Plaintiff's Counsel was warned that venue in California against ACC and other related Defendants was—at best—questionable. (Kleine Decl. Ex. B.)

Judge Armstrong's order first noted (importantly) that Plaintiff's Counsel failed to elaborate on its boilerplate venue allegation—an allegation that was *word-for-word identical* to the one in the Complaint. (*Id.* at 1.) Judge Armstrong then gave the parties seven days to file briefs as to whether venue in the Northern District of California was appropriate or whether, instead, the case should be transferred to either the Southern District of New York (where Plaintiff's Counsel had already filed at least one similar complaint) or to the Western District of Missouri (where many of the defendants resided). (*Id.* at 2.) Following that warning, on October 15, 2008, the date the venue-related briefs were due, and *only after* Defendants had gone to the expense of preparing the court-requested venue-related briefing (Kleine Decl. ¶ 4), Plaintiff's Counsel dismissed the case (Kleine Decl. Ex. C) and re-filed in the Southern District of New

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

York (Kleine Decl. Ex. D) (where it, frankly, should have been filed in the first place).

Notwithstanding—and essentially ignoring—the October 2008 warning by Judge Armstrong, Plaintiff's Counsel filed this action ten months later, *again* in California, *again* with boilerplate venue allegations, *again* without factual support, and *again* forcing Defendants to expend time and resources briefing transfer of venue issues. And, true to form, it was only after Defendants briefed and filed with this Court their Venue Motion that Plaintiff's Counsel voluntarily dismissed the case. Unlike the 2008 dismissal, however, Plaintiff's Counsel re-filed in the Western District of Missouri (Kleine Decl. Ex. E), undoubtedly because it has, in the interim, received a series of unfavorable rulings in the Southern District of New York (see below), making it, suddenly, a much less desirable forum.

Defendants have now spent considerable time and resources defending against two complaints improperly filed in district courts located in California, one in 2008 in the Northern District and now this Complaint in 2009. In both, Plaintiff's Counsel had frivolously asserted unsupported and baseless—*and false*—venue allegations, which either were known to be false, or would have been discovered to be false by a reasonable and competent review of the underlying facts and law. Yet, it was not until expensive and time-consuming venue-related motions had been drafted by Defendants that Plaintiff's Counsel dismissed and re-filed each case.[2]

Plaintiff's Counsel is forum-shopping and has wasted this Court's time and resources and caused Defendants undue burden. In filing, and then voluntarily dismissing, these frivolous complaints, Plaintiff's Counsel has twice now asserted baseless venue-related allegations and has failed to conduct a reasonable and competent inquiry into the facts and law. By relying on what it knew to be a frivolous venue allegation, Plaintiff's Counsel has multiplied the proceedings in an unreasonable and vexatious manner and needlessly increased the cost of litigation. Defendants thus respectfully submit that Plaintiff's Counsel should be sanctioned no less than the amount of

---

[2] Also, it bears noting that the undersigned counsel informed Plaintiff's Counsel on August 18, 2009, that "[w]e intend to file a motion to transfer the case to NY." (Kleine Decl. Ex. F.) That notice, alone, alerted Plaintiff's Counsel to the fact that its improper venue selection would be challenged and that Plaintiff should dismiss the case *before* Defendants' counsel was forced to file motions challenging that venue selection.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

Defendants' reasonable attorneys' fees and costs.[3]

**B. Other Actions Filed By Plaintiff's Counsel**

This now-dismissed action was but one of many nearly-identical lawsuits filed across the country against American Century and other mutual fund companies by Plaintiff's Counsel, including (in chronological order) (Kleine Decl. Exs. A and G through N):

- *Seidl v. Am. Century Cos., Inc.*, No. 08-cv-04117 (N.D. Cal. Aug. 28, 2008) (Armstrong, J.). Plaintiff's Counsel filed nearly-identical claims against ACC, American Century Mutual Funds, Inc., American Century Investment Management, Inc. and certain of the other individual Defendants in this action. The claims, based on the purchase of stock by the American Century Ultra Fund, were voluntarily dismissed and re-filed in the Southern District of New York (*see below*).

- *McBrearty v. The Vanguard Group*, No. 08-cv-07650 (S.D.N.Y. Aug. 29, 2008) (Cote, J.). Plaintiff's Counsel filed nearly-identical claims against Vanguard-related defendants. Judge Cote granted defendants' motions to dismiss on the grounds of lack of RICO proximate causation and declined to extend supplemental jurisdiction over the common law claims. The Second Circuit affirmed. *See McBrearty v. Vanguard Group, Inc.*, 2009 WL 4019799 (2d Cir. Nov. 23, 2009).

- *Seidl v. Am. Century Cos., Inc.*, No. 08-cv-08857 (S.D.N.Y. Oct. 15, 2008) (Cote, J.). Upon re-filing in the Southern District of New York, Plaintiff's Counsel also filed a statement of relatedness to the *Vanguard* action and the case was assigned to Judge Cote. In dismissing the *Vanguard* claims, Judge Cote also dismissed *Seidl's* RICO-based claims. However, based on diversity jurisdiction, the common law claims were not dismissed on supplemental jurisdiction grounds as they had been in *Vanguard*. The *Seidl* defendants have now briefed and filed two rounds of motions to dismiss, with their motions to dismiss the Second Amended Complaint currently pending.

---

[3] Defendants plan, after a ruling on the appropriateness of this Motion, to ask leave of this Court to submit a supplemental application addressing the amount of attorneys' fees and costs and their reasonableness.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

- *Gamoran v. Neuberger Berman Mgmt., LLC*, No. 08-cv-10807 (S.D.N.Y. Dec. 12 2008) (Cote, J.). Plaintiff's Counsel filed nearly-identical claims against Neuberger Berman-related defendants. The case was voluntarily dismissed.

- *Wodka v. Causeway Capital Mgmt., LLC*, 09-cv-02625 (C.D. Cal. April 15, 2009) (Real, J.). Plaintiff's Counsel filed nearly-identical claims against Causeway Capital-related defendants. Adopting Judge Cote's reasoning in the *Vanguard* decision, Judge Real dismissed the complaint. Plaintiff has appealed. *See Wodka v. Causeway Capital Mgmt., LLC*, 09-56733 (9th Cir. Nov. 5, 2009).

## III. ARGUMENT

Plaintiff's Counsel's repeated filings and voluntary dismissals of identical actions in California, where it knew venue was improper, were baseless, made without a reasonable or competent inquiry into the facts and law surrounding the issues, made knowingly and in bad faith, reckless, and wasteful of this Court's and Defendants' time and resources. Pursuant to (a) 28 U.S.C. § 1927, (b) this Court's inherent power to impose sanctions, and (c) Fed. R. Civ. P. 11, Plaintiff's Counsel should be sanctioned in an amount no less than the amount of attorneys' fees and costs its conduct has cost Defendants.

### A. Sanctions Pursuant to 28 U.S.C. § 1927

The Complaint was drafted and filed in bad faith or in a reckless manner so as to warrant sanctions under 28 U.S.C. § 1927. That section provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions require a showing of either bad faith or recklessness. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("recklessness suffices for § 1927" sanctions); *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) ("The imposition of sanctions under section 1927 requires a finding that counsel acted recklessly or in bad faith." (quotation omitted)).

A finding of bad faith requires that "an attorney knowingly or recklessly raise[] a frivolous argument, or argue[] a meritorious claim for the purpose of harassing an opponent."

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation omitted) ("For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. . . . [R]eckless nonfrivolous filings, without more, may not be sanctioned."). "Frivolous" filings are both "(1) . . . legally or factually 'baseless' from an objective perspective, and (2) [where] the attorney has [not] conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ("Frivolous filings are those that are both [(1)] baseless and [(2)] made without a reasonable and competent inquiry." (quotation omitted))). Thus, section 1927 sanctions are warranted upon a finding of either (i) bad faith (which requires making either a knowingly or recklessly frivolous argument) or (ii) recklessly filing a frivolous argument.

### B. Sanctions Pursuant to Courts' Inherent Powers

Aside from issuing section 1927 sanctions, a federal court has the inherent power to impose sanctions. Federal courts may use this inherent power to issue sanctions, including attorney's fees, "when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink*, 239 F.3d at 992 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 & n.10 (1991)). The imposition of sanctions under a court's inherent powers requires a specific finding of bad faith or "conduct tantamount to bad faith." *Id.* at 994. As stated above, "bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . " *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d at 436 (quotation omitted). "In assessing . . . conduct for evidence of bad faith, the district court must determine whether . . . [arguments are] . . . both reckless and frivolous. . . . [S]anctions [under a court's inherent powers] should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citation and quotation omitted).

### C. Analysis Under Section 1927 and Court's Inherent Power

For sanctions to be imposed on a party pursuant to section 1927, that party must have (i)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

knowingly filed a frivolous complaint or (ii) recklessly filed a frivolous complaint. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436. For sanctions to be imposed on a party pursuant to a court's inherent powers, that party must have acted in bad faith by filing a "clearly frivolous" complaint. *Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 649. Thus, in order to analyze whether Plaintiff's Counsel's actions are subject to sanctions under section 1927 or this Court's inherent powers to impose sanctions, those actions must be either "frivolous" or "clearly frivolous," as well as (in certain instances) being either (i) knowingly or (ii) recklessly so (depending on the basis for the issuance of sanctions).

### 1. The Complaint was frivolous.

To begin with, the Complaint was frivolous because it was both baseless and Plaintiff's Counsel did not conduct any reasonable inquiry into the facts and law, even after a clear, prior warning by Judge Armstrong, NDCA. "Frivolous filings are those that are both [(1)] baseless and [(2)] made without a reasonable inquiry," *Buster*, 104 F.3d at 1190 (quotation omitted).

#### a. The Complaint's venue allegations were baseless.

The Complaint's venue allegations were baseless in that Plaintiff's Counsel cited no facts—indeed, there were none to cite—which backed up the allegations made in paragraph 29 of the Complaint. Legally or factually baseless complaints are those that fail on their face to "allege a required element of a . . . claim." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005); *see also B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 n.8 (9th Cir. 2002) (a frivolous filing lacks "credibility on its face"). As explained by the Venue Motion, the notion that venue was proper in this district was factually baseless under either 28 U.S.C. § 1391 or 18 U.S.C. § 1965 (RICO). (Venue Mot., Mem. 8-9.) Given that Plaintiff's Counsel failed to allege *any facts* supporting the Complaint's venue claims (having previously been warned by a District Court that it needed to elaborate on identical boilerplate venue allegations in order to properly allege simple venue), its allegation here of proper venue has no credibility whatsoever. Factually baseless allegations make for frivolous complaints.

Besides that the Complaint was factually baseless, venue was not proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because: (1) "[N]ot all defendants reside in the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8. MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

same state" (Venue Mot., Mem. 8 (citing 28 U.S.C. § 1391(b)(1))); (2): "'[A] substantial part of the events or omissions giving rise to the claim' did not occur in the Eastern District of California" (*Id.* (citing 28 U.S.C. § 1391(b)(2))); and (3) "28 U.S.C. § 1391(b)(3) cannot form the basis of proper venue in the Eastern District of California" as "the action may otherwise be brought" in the Southern District of New York (*Id.*). Likewise, the Complaint's allegation that venue was proper in this district pursuant to 18 U.S.C. § 1965 (RICO) was baseless because: (1) Plaintiff's Counsel never "alleged any connection with [this district] for any defendant, let alone for all defendants, and therefore venue is not proper . . . by virtue of section 1965(a) alone" (*Id.* at 8-9); and (2) Under 18 U.S.C. § 1965(b), the "ends of justice" did not require venue here as Plaintiff's Counsel never "alleged facts supporting personal jurisdiction over any defendant and because personal jurisdiction could be had over all defendants in" another district (*Id.* at 9).

As noted, Plaintiff's Counsel was made aware of the baseless nature of its venue allegation by Judge Armstrong's *sua sponte* questioning of venue in the 2008 *Seidl* action. (Kleine Decl. Ex. B.) Nevertheless, Plaintiff's Counsel filed—*verbatim*—the same venue paragraph in the Complaint before this Court. The Complaint's allegation of proper venue—the same as was questioned in the *Seidl* action, which Plaintiff's Counsel voluntarily dismissed—was factually baseless and lacked credibility on its face, thus meeting the first requirement of frivolousness.

### b. Plaintiff's Counsel did not make a reasonable and competent inquiry.

The Complaint also evidenced Plaintiff's Counsel's failure to conduct a reasonable and competent inquiry. "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate,* 425 F.3d at 677 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)) (holding new counsel's recommendation that an existing complaint be voluntary dismissed suggests old counsel "did not conduct a reasonable inquiry before filing the complaint"). "As part of the requirement that an attorney make a reasonable and competent inquiry, [it is] necessary that the attorney make a reasonable and

competent inquiry into the content of the complaints [] it [has already] prepare[d] and file[d] for a client." *Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1135 (9th Cir. 1997). The Complaint's venue paragraph was so conclusory that Plaintiff's Counsel could not have conducted a reasonable and competent inquiry.

First, given Judge Armstrong's 2008 warning regarding the earlier complaint's venue provision, and Plaintiff's Counsel's own voluntary dismissal of that complaint, Plaintiff's Counsel knew that venue as described in the earlier complaint was baseless. Plaintiff's Counsel, as part of a reasonable and competent inquiry, should have examined the earlier 2008 complaint and realized that venue in California was improper. *Id.* Yet, Plaintiff's Counsel chose to file this Complaint with the exact same venue provision, showing that no further inquiry was done into the facts or law. Plaintiff's Counsel could not have conducted a reasonable and competent inquiry into the law or facts regarding proper venue and yet still have chosen to file a nearly-identical complaint with an untouched venue section—one that included no supporting facts—that had been called into doubt not even a year earlier. No objectively reasonable inquiry could have led to such boilerplate allegations or to a determination that the Complaint's venue section was well-founded. *Holgate*, 425 F.3d at 677.

Next, the Complaint alleged that "because some of the acts and practices complained of herein occurred in substantial part within this district," venue was proper. (Compl. ¶ 29.) To start with, Plaintiff's Counsel misstates the standard as set forth by 28 U.S.C. § 1391(b)(2): that provision requires "a *substantial* [not merely *some*] part of the events or omissions giving rise to the claim" to have occurred in the district in which venue is sought. 28 U.S.C. § 1391(b)(2) (emphasis added). Next, and more importantly, the Complaint's allegation that "some of the acts . . . occurred . . . within this district" was undeniably false. Any reasonable and competent inquiry would have uncovered that, as stated in the Venue Motion:

> most of the managerial decisions regarding the holdings of the Fund took place in New York (Compl. ¶¶ 19-20), and most other actions are likely to have taken place either abroad (where BWin is headquartered and publicly traded) or in Missouri (where ACC is headquartered). Plaintiff [did] not allege[] a single event or omission that took place in the Eastern District of California.

(Venue Mot., Mem. 8.) Indeed, the Complaint correctly stated the principal places of business and states of citizenship for all Defendants. It is thus evident that, beyond such minimum efforts, Plaintiff's Counsel conducted no reasonable, competent inquiry into the facts behind this allegation, as any such inquiry would have discovered that all actions complained of took place in either New York, overseas, or Missouri.

Finally, the Complaint also alleged that venue was proper "because one or more Defendants reside, has an agent, or transacts their affairs within this district." (Compl. ¶ 29.) To begin with, while it may be true that "one or more Defendants . . . has an agent[] or transacts their affairs within this district," Plaintiff's Counsel, again, failed to offer any facts supporting such an allegation. Any reasonable inquiry into such an allegation would have resulted in either facts to support it or, if no facts were discovered, a withdrawal of the allegation. More astounding, however, was the contention that "one or more Defendants reside . . . within this district." (Compl. ¶ 29.) The Complaint, in the *previous paragraph*, stated that "each of the defendants is a citizen of a state other than California." (Compl. ¶ 28.) How Plaintiff's Counsel could file the Complaint which, in one paragraph, correctly stated that no Defendant was a citizen of California then, in the next, boldly asserted that "one or more Defendants reside[d] . . . within this district" is curious, at best. (Compl. ¶¶ 28, 29.) Any reasonable and competent inquiry, again, would have either discovered supporting facts or, more likely, revealed that such an allegation was patently false. That Plaintiff's Counsel filed this Complaint without any supporting facts shows just how poorly founded it is.

Because the Complaint's allegation that venue was proper in this district was both factually baseless and was not the result of a reasonable and competent inquiry into the facts and law, the Complaint was frivolous. Thus, if the Plaintiff's Counsel is found to have filed this Complaint in bad faith it is subject to sanctions under this Court's inherent powers and section 1927, while if bad faith is not present and or either knowingly or recklessly (it did) Plaintiff's Counsel is subject to sanctions pursuant to both section 1927 and this Court's inherent powers.

**2. Plaintiff's Counsel *knowingly* filed this frivolous complaint.**

If an action is found to be made in bad faith, it is subject to sanctions under both 28 U.S.C.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

§ 1927 and a court's inherent power. It has already been demonstrated that the Complaint was frivolous. Plaintiff's Counsel's actions were also made in bad faith as filing a complaint in a district in which it *knew* venue was improper was "knowingly . . . rais[ing] a frivolous argument." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d at 436. Additionally, filing a "clearly frivolous" complaint constitutes bad faith. *Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 649. As has been shown, Plaintiff's Counsel, by virtue of Judge Armstrong's October, 2008 *sua sponte* order, knew venue was highly questionable and, more likely, improper in California. Nonetheless, in 2009, Plaintiff's Counsel knowingly filed this now-dismissed suit, arguing frivolously that venue was proper, which forced Defendants' counsel to re-brief and file with this Court the Venue Motion. There is no justification Plaintiff's Counsel can offer for having brought a second, nearly-identical suit against nearly-identical defendants in a nearly-identical venue—one which *it knew* to be wrong. Plaintiff's Counsel, by knowingly filing such a clearly frivolous complaint has (i) "so multiplied the proceedings in [an] unreasonabl[e] and vexatious[]" way as to expose it to sanctions under 28 U.S.C. § 1927, and (ii) committed a bad faith act triggering this Court's inherent power to issue sanctions.

### 3. Plaintiff's Counsel's actions were *reckless.*

In addition to determining that Plaintiff's Counsel's actions were done knowingly, thus constituting bad faith, if an action is found to be only reckless, it is also subject to sanctions under 28 U.S.C. § 1927. Here, Plaintiff's Counsel's actions were reckless. "[R]ecklessness plus demonstrated knowledge of the applicable rules and law is 'sufficient to justify the imposition of § 1927 sanctions.'" *Faurie v. Berkeley Unified Sch. Dist.*, 2008 WL 1886011, at *3-*8 (N.D. Cal. April 25, 2008) (quoting *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1106-07 (9th Cir. 2002)) (holding where defendant's counsel knowingly objected frivolously to plaintiff's introduction of evidence forcing plaintiff to respond to the baseless objections, sanctions under § 1927 in the amount of attorney's fees and costs "related to [d]efense counsel's improper objections and arguments" were proper).

Here, Defendants have had to respond, twice, to Plaintiff's Counsel's attempts to bring suit against them in a California federal court. Due to Judge Armstrong's 2008 *sua sponte*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

warning, Plaintiff's Counsel knew venue was improper in California. Yet Plaintiff's Counsel recklessly brought this frivolous Complaint forcing Defendants to draft and file the Venue Motion. As stated above, Plaintiff's Counsel can offer no justification for bringing this nearly-identical suit against nearly-identical defendants in a nearly-identical venue—one which *it knew* to be wrong—in such a reckless manor. By recklessly filing such a knowingly frivolous Complaint, Plaintiff's Counsel "so multiplied the proceedings in [an] unreasonabl[e] and vexatious[]" way as to expose it to sanctions under 28 U.S.C. § 1927.

### D. Sanctions Pursuant to Federal Rule of Civil Procedure 11

#### 1. Plaintiff's Counsel has violated Rule 11.

Plaintiff's Counsel filed with this Court a complaint with venue allegations that violated Rule 11 in that they were frivolous and made without a reasonable or competent inquiry into the law or facts, resulting in a waste of this Court's time and resources and costing Defendants tens of thousands of dollars. Rule 11 prohibits attorneys from filing pleadings where "the claims, defenses and other legal contentions" in the pleadings are not "warranted by existing law or by nonfrivolous argument[s] for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 393.

Bad faith need not be present to sanction an attorney under Rule 11. *Glaser v. City of San Diego*, 1998 WL 133475, at *2 (9th Cir. Mar. 18, 1998) ("Sanctions are appropriate under Rule 11(b)(2) when a pleading which has been filed is objectively 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) *abrogated by Cooter & Gell*, 496 U.S. 384)). Where a "complaint is the primary focus of Rule 11 proceedings, a district court must . . . determine" whether the complaint is frivolous. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). As already discussed, "[f]rivolous filings are those that are both [(1)] baseless and [(2)] made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997). As shown, the Complaint was frivolous.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13. MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS
2:09-CV-02153

Additionally, a party "violate[s] Rule 11 by filing a complaint . . . which it must have known completely lacked a factual foundation for" a jurisdictional element of the complaint. *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) (holding Rule 11 sanctions appropriate where plaintiff, after having an action dismissed for lack of subject matter jurisdiction in federal district court in California, filed the same action in federal district court in Alaska where "it necessarily followed that [that court] also lacked subject matter jurisdiction"). Rule 11 sanctions are thus appropriate where a complaint is filed and dismissed based on jurisdiction in one venue then re-filed in a separate venue where the jurisdictional requirement is the same. *Id.* Such a frivolous complaint is "an infraction of Rule 11," *id.*, and is exactly what Plaintiff's Counsel has done here. Because the Complaint's allegation that venue was proper in this district was both factually baseless and was not the result of a reasonable and competent inquiry into the facts and law, the Complaint was frivolous, and Rule 11 sanctions should be imposed.

### 2. This Court retains jurisdiction to impose Rule 11 sanctions.

There is an open question as to whether Rule 11 sanctions remain appropriate in this matter given Plaintiff's Counsel's voluntary dismissal of the Complaint and given the "safe harbor" provisions set forth in the 1993 amendments to Rule 11. While the Ninth Circuit has never ruled specifically on whether courts retain the ability to issue sanctions in cases where plaintiffs have voluntarily dismissed a complaint *prior to a substantive ruling*,[4] several Ninth Circuit cases have stated that district courts still retain the jurisdiction and discretion to issue Rule 11 sanctions even if the Rule 11 21-day safe harbor provisions have not been followed. *See* Fed. R. Civ. P. 11(c)(2). For example, a 1999 Ninth Circuit decision held that "a voluntary dismissal under Rule 41(a)(1)(i) does not divest the district court of jurisdiction to impose sanctions."

---

[4] Several Ninth Circuit cases stand for the proposition that district courts should carefully enforce Rule 11(c)(2) and disallow attempts to skirt its 21-day safe-harbor provisions (see, e.g., *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); *Radcliffe v. Rainbow Construction*, 254 F.3d 772, 789 (9th Cir. 2001); *Retail Flooring v. Beaulieu*, 339 F.3d 1146, 11xx (9th Cir. 2003)). None of those cases answer the question, however, whether the court retains jurisdiction to impose Rule 11 sanctions in a circumstance where there is a dismissal even before a substantive ruling is made or where retaining jurisdiction is necessary in order to deter ongoing, inappropriate forum shopping by a plaintiff (as here).

*Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1079 n.8 (9th Cir. 1999) (citing *Cooter & Gell*, 496 U.S. at 393-98) ("[D]istrict courts may enforce Rule 11 even after the plaintiff has filed a notice of [voluntary] dismissal under Rule 41(a)(1)."). Additionally, a 1998 case cited *Cooter & Gell* for the proposition that "sanctions may be imposed after a case has been resolved," and stated, after citing the 1993 amendments to Rule 11, that it remains "within the district judge's discretion to [issue] sanctions [after a case has been resolved] if the purposes of Rule 11 will [] be served by imposing sanctions." *Madamba v. Certified Grocers California, LTD*, 1998 WL 339685, at *2 (9th Cir. May 12, 1998). There, the court chose not to impose sanctions because the "overriding purpose of [Rule 11]," deterrence, would not be served if sanctions were issued. *Id.* at *2.

Here, however, deterrence is exactly what Defendants are seeking. Plaintiff's Counsel has filed the same frivolous suit in two federal districts in California and Defendants hope that sanctions against Plaintiff's Counsel will stop it from filing the same frivolous complaint in other California districts or in other courts where venue is equally inappropriate.

Moreover, this Motion was invited when, last month, this Court granted leave to Defendants to "file a properly noticed motion for sanctions/fees in accordance with FRCP and Local Rules 230 and 293." (Minute Order, February 4, 2010, Docket No. 17). This Motion is a direct response to this Court's February Order. Therefore, despite Plaintiff's Counsel's voluntary dismissal of the Complaint, this Court still has the authority and discretion to impose Rule 11 sanctions on Plaintiff's Counsel.

### E. Forum Shopping

Plaintiff's Counsel's actions—filing *Seidl* in California, then re-filing that suit in New York where it was marked as relating to the earlier-filed *Vanguard* litigation; filing this case in California, and now re-filing in Missouri, despite the related *Seidl* case in New York—are blatant cases of forum shopping. Plaintiff's Counsel is playing games with the courts and with Defendants, all in an attempt to secure whatever particular venue it thinks is most beneficial, with no regard to whether venue is even appropriate. Its actions have resulted in significant costs to American Century, the Fund—on behalf of which, Plaintiff seeks to sue derivatively—and to the

courts. Such actions should not be encourage and, indeed, should be sanctioned.

## IV. CONCLUSION

The Complaint's venue allegation was baseless and was drafted without a reasonable and competent inquiry into the facts and law underlying it. Plaintiff's Counsel's filing of this frivolous action was reckless, done in bad faith and "multiplied the proceedings . . . unreasonably and vexatiously" so as to "needlessly increase the cost of litigation." Defendants respectfully submit that sanctions against Plaintiff's Counsel for the amount spent by Defendants in relation to this now-dismissed Complaint would be appropriate.

Dated: March 18, 2010
COOLEY GODWARD KRONISH LLP
GORDON C. ATKINSON (122401)
BENJAMIN H. KLEINE (257225)

By: /s/ Gordon C. Atkinson
      Gordon C. Atkinson

Attorneys for Defendants and Nominal Defendant

Marguerite C. Bateman
Steuart H. Thomsen
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
202-383-0100
marguerite.bateman@sutherland.com
steuart.thomsen@sutherland.com

Additional Attorneys for Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, and Nominal Defendant American Century World Mutual Funds, Inc., doing business as American Century International Discovery Fund

1163139/SF