UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY GLOBAL INVESTMENT MANAGEMENT, INC.; JAMES E. STOWERS, JR.; JAMES E. STOWERS, III; JONATHAN S. THOMAS; THOMAS A. BROWN; ANDREA C. HALL; DONALD H. PRATT; GALE E. SAYERS; M. JEANNINE STRANDJORD; TIMOTHY S. WEBSTER; WILLIAM M. LYONS; ENRIQUE CHAN; MARK KOPINSKI; and BRIAN BRADY,<br><br>      Defendants,<br><br>AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND,<br><br>      Nominal Defendant.<br>_____/ | NO. 2:09-cv-02153-FCD/KJM<br><br>MEMORANDUM AND ORDER |

----oo0oo----

1

This matter is before the court on defendants' motion for sanctions against plaintiff's counsel under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the courts inherent authority.  For the reasons set forth below,[1] defendants' motion is DENIED.[2]

**BACKGROUND**

On August 4, 2009, Nelson Gomes ("plaintiff") initiated this action by filing a complaint that based venue on 28 U.S.C. § 1391 and 18 U.S.C. § 1965, the Racketeer Influenced and Corrupt Organizations Act's ("RICO") venue provision.  ("Pl.'s Compl. ["Compl."], filed Aug. 4, 2009 [Docket # 2], ¶ 29.)  Plaintiff asserted claims for violation of RICO, breach of fiduciary duty, negligence, and waste.  (Id. ¶ 5.)  Plaintiff alleges that defendants, American Century World Mutual Funds, Inc., its parent companies, directors, and officers, engaged in a pattern of racketeering activity by allowing a mutual fund, which plaintiff had invested in, to invest money in an illegal gambling business.  (Id. ¶ 3.)  When law enforcement officials began enforcement proceedings against the illegal gambling business, the market value of plaintiff's mutual fund investment declined.  (Id.)

On November 10, 2009, defendants filed a motion to transfer venue.  (Defs.' Mtn. to Transfer Venue, filed Nov. 10, 2009 [Docket # 11].)  Defendants sought transfer to the Southern

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

[2] In defendants' reply brief they move to strike plaintiff's opposition as being beyond the 20 page limit on opposition papers.  Defendants' motion is DENIED.

2

1 District of New York, where similar recent disputes between some
2 of the same defendants and plaintiff's counsel had been litigated
3 and decided in defendants' favor.  (Defs.' Mem. in Support of
4 Mtn. to Transfer Venue ["Defs.' Venue Motion"], filed Nov. 10,
5 2009 [Docket # 12], 1:2-4, 2-4); see <u>McBrearty v. Vanguard Group,
6 Inc.</u>, 2009 WL 875220 (S.D.N.Y. April 2, 2009) (Cote, J.), *aff'd*
7 353 Fed. Appx. 640 (2d Cir. 2009), *petition for cert. filed*, 78
8 U.S.L.W. 3590 (Mar. 30, 2010) (No. 09-1187) (dismissing a similar
9 claim on motion to dismiss for failure to state a claim for lack
10 of proximate causation).  In their motion, defendants contended
11 that the case had no connection with the Eastern District of
12 California other than the fact that the plaintiff resides within
13 the District; defendants also contented that the court lacked
14 personal jurisdiction over several of the defendants.  On January
15 22, 2010, plaintiff filed a notice of voluntary dismissal
16 pursuant to Federal Rule of Civil Procedure ("FRCP")
17 41(a)(1)(A)(I), closing the case.  Defendants' motion was never
18 ruled on by this court.
19 　On February 4, 2010, defendants filed a request to reopen
20 the case for the limited purpose of filing a motion for
21 sanctions. (Docket # 16.)  The court noted that the request was
22 procedurally improper but allowed defendants to file a properly
23 noticed motion for sanctions, which they did on March 18, 2010.
24 (Docket # 18.)  Defendants assert that they should be entitled to
25 sanctions for attorneys' fees pursuant to FRCP 11, 28 U.S.C. §
26 1927, and the court's inherent authority because plaintiff's
27 assertion that venue was proper in the Eastern District of
28 /////

3

1  California was frivolous and done in a bad faith attempt at forum
2  shopping.

**ANALYSIS**

**I.    Rule 11 Sanctions**

An attorney is subject to Rule 11 sanctions when, *inter alia*, he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).  When sanctions are sought by opposing counsel, opposing counsel must comply with Rule 11's "safe harbor" provision.  See Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (2001) ("[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are mandatory.")  Rule 11's safe harbor provision provides that a party may not file a motion for sanctions under Rule 11 unless the party against whom sanctions are sought is served with the motion and given 21 days to either withdraw or correct the paper that is the subject of the motion.  Fed. R. Civ. Pro. 11(c)(2).  Within the Ninth Circuit, the safe harbor provision is strictly enforced.  Holgate v. Baldwin, 425 F.3d 671, 678 (2005) ("We enforce this safe harbor provision strictly.").  Failure to follow the procedure set forth in Rule 11(c)(2) precludes the moving party from obtaining an award of sanctions.  Radcliffe, 254 F.3d at 789.

Defendants do not, and cannot, claim that they have met the requirements of Rule 11's safe harbor provision.  Rather, defendants argue that this court retains jurisdiction to award

4

1 sanctions under Rule 11 under the circumstances of this case,
2 where the plaintiff has voluntarily withdrawn the action pursuant
3 to Rule 41(a)(1). However, the retention of jurisdiction is
4 irrelevant to the court's analysis of whether defendants complied
5 with the safe harbor provision.

6     Neither of the cases cited by defendants excuse compliance
7 with Rule 11's safe harbor provision. In Madamba, the defendant
8 moved for sanctions after summary judgment was entered in their
9 favor *during* the safe harbor period; the defendant had served the
10 sanction motion on the plaintiff after already filing a motion
11 for summary judgment but before that motion had been ruled on by
12 the court. Madamba v. Certified Grocers California, LTD, 1998 WL
13 339685, at *1 (9th Cir. May 12, 1998).[3] In denying the
14 defendant's motion for sanctions after judgment had been entered
15 the court noted that "sanctions may be imposed after a case has
16 been resolved." Id. at *2 (citing Cooter & Gell v. Hartmarx
17 Corp., 496 U.S. 384, 393-98 (1990)). However, the court neither
18 addressed whether sanctions may be entered after a voluntary
19 dismissal nor whether the court may totally disregard Rule 11's
20 safe harbor provision. Indeed, the defendant in Madamba had
21 complied with the safe harbor provision of Rule 11(c)(2) prior to
22 filing the motion.

23     Similarly unpersuasive is defendants' reliance on Commercial
24 Space Mgmt. Co. v. Boeing Co. 193 F.3d 1074 (1999). In Boeing,
25 the court addressed whether a district court, after a notice of

---

[3] In defendants' motion for sanctions they directly rely on Madamba, an unpublished Ninth Circuit opinion. In their reply brief, defendants' counsel acknowledges that their reliance on an unpublished opinion, under the circumstances, was not warranted.

5

1  voluntary dismissal pursuant to Rule 41(a)(1), may determine
2  whether the dismissal is one with or without prejudice.  193 F.3d
3  at 1075-76.  The court held that a notice of voluntary dismissal
4  divests the court of jurisdiction, and therefore a district court
5  cannot thereafter determine whether the dismissal was with or
6  without prejudice.  Id. at 1080.  However, in a footnote, the
7  court cited Cooter & Gell[4] for the proposition that a voluntary
8  dismissal does not divest the district court of jurisdiction to
9  impose sanctions.  Boeing, 193 F.3d at n. 8.  To the extent
10 Boeing and Cooter & Gell hold that a case can remain open after
11 it has been voluntarily dismissed for purposes of imposing
12 sanctions, neither case concludes that the moving party is
13 relieved of his burden to comply with Rule 11's safe harbor
14 provision.
15      Furthermore, the Ninth Circuit has explicitly provided that
16 the safe harbor provision is to be strictly enforced.  See
17 Radcliffe, 254 F.3d at 789.  Under Rule 11, if a plaintiff
18 voluntarily dismisses the action during the safe harbor period
19 they will not be subject to monetary sanctions.  Fed. R. Civ.
20 Pro. 11(c)(2).  To allow sanctions here, where plaintiff filed a
21 voluntary dismissal *prior* to the sanctions motion being noticed,

---

[4] Cooter & Gell did "conclude that petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondents' Rule 11 motion."  496 U.S. at 398. However, Cooter & Gell was decided before the 1993 amendments to Rule 11 which inserted the safe harbor provision.  While the Supreme Court has not directly overturned its holding, several district courts have concluded that the 1993 amendments supersede the Court's holding in Cooter & Gell, as it relates to voluntary dismissals.  See e.g., Hockley by Hockley v. Shan Enter. Ltd. P'ship, 19 F. Supp. 2d 235, 240 (N.J. 1998); Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 452 (E.D. N.Y. 1995); Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996).

6

1 would be contrary to the spirit of Rule 11.  As such, defendants
2 motion for sanctions pursuant to Rule 11 is DENIED.

**II. Sanctions Pursuant to § 1927 and the Court's Inherent Authority**

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  This section is not specific to any statute, but applies to any civil suit in federal court.  Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009).  Further, the statute "explicitly provides for remedies against offending attorneys."  Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "only from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted).  "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."  In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996).

Attorneys fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002); Barber, 146 F.3d at 711 ("An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith.").  The Ninth Circuit has also required a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose

7

1  of harassing an opponent." B.K.B., 276 F.3d at 1107 (emphasis in
2  original) (quoting In re Keegan, 78 F.3d at 436). Moreover, the
3  Ninth Circuit has cautioned that "[s]anctions should be reserved
4  for the 'rare and exceptional case where the action is clearly
5  frivolous, legally unreasonable or without legal foundation, or
6  brought for an improper purpose.'" Primus Auto. Fin. Servs.,
7  Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting
8  Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344
9  (9th Cir. 1988)).

10      The court also has the inherent power to issue sanctions in
11  order "to protect the due and orderly administration of justice
12  and maintain the authority and dignity of the court." Id. at 648
13  (internal quotations and citation omitted).  These sanctions may
14  be issued when the party has acted "in bad faith, vexatiously,
15  wantonly, or for oppressive reasons" and may take the form of
16  attorneys' fees. Id.  Before awarding such sanctions, however,
17  "the court must make an explicit finding that counsel's conduct
18  'constituted or was tantamount to bad faith.'" Id. (quoting
19  Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)). A
20  finding of bad faith is supported by the same standard required
21  under § 1927. See id.

22      As an initial matter, defendants are precluded from seeking
23  sanctions under § 1927 because the conduct that is the subject of
24  defendants' sanctions motion is plaintiff's filing of the
25  complaint in the Eastern District of California.  The Ninth
26  Circuit has made it clear that "[t]he filing of a complaint . . .
27  may not be sanctioned pursuant to § 1927" because § 1927 only
28  addresses the multiplication of proceedings. In re Keegan Mgmt.

Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996) ("Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." (alteration in original)); Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir.) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), *amended by*, 803 F.2d 1085 (9th Cir. 1986).  While defendants allege a pattern of forum shopping by plaintiff's counsel, the complaint in this action was the first lawsuit filed between this particular plaintiff and these particular defendants.  As such, plaintiff's complaint cannot be the basis of § 1927 sanctions because it has not "multiplie[d] the proceedings."  28 U.S.C. § 1927.

Additionally, defendants' motion for sanctions pursuant to both § 1927 and the court's inherent power must be denied because defendant have not demonstrated the requisite bad faith by showing that plaintiff's counsel knowingly or recklessly raised a frivolous argument.  See B.K.B., 276 F.3d at 1107; Piper, 447 U.S. at 767.  In arguing that plaintiff's counsel knowingly or recklessly filed a frivolous complaint the defendants rely heavily on what they term a "warning" from Judge Armstrong of California's Northern District in Seidl v. Am. Century Cos., Inc., No. 08-cv-04117 (N.D. Cal. Aug 28, 2008).  Seidl was an action very similar to the present case and involved the same plaintiff's counsel (acting on behalf of a different plaintiff), many of the same defendants, and the same claims.  The venue allegation filed in the Seidl action is an exact replica of the

9

1  venue allegation in the complaint in this action.  (Compare
2  Compl. ¶ 29, with Decl. of Benjamin H. Kleine ["Kleine Decl."],
3  filed March 18, 2010 [Docket #20], Ex. A ["Seidl Compl."], ¶ 23.)
4  Judge Armstrong, acting *sua sponte*, raised the issue of venue and
5  ordered that the parties file briefs as to whether or not the
6  court should transfer the case to a different venue.  (Kleine
7  Decl., Ex. B.)  In the alternative, Judge Armstrong stated that
8  "plaintiff may withdraw this matter and re-file it in a district
9  more closely related to the events giving rise to this matter."
10 (Id.)  The question of venue was not litigated further as the
11 plaintiff voluntarily dismissed the action and then re-filed it
12 in the Southern District of New York.
13     Defendants argue that the fact that Judge Armstrong *sua*
14 *sponte* issued an order questioning whether venue was proper in
15 Seidl shows that plaintiff's counsel in this case either
16 knowingly or recklessly filed the complaint in a district they
17 knew was improper.  This argument is not persuasive.  As the
18 plaintiff voluntarily dismissed the Seidl action in the Northern
19 District before the venue issue could be litigated and determined
20 by the court, plaintiff's counsel was not on notice that their
21 choice of venue was frivolous, but, at most, that it *may* not have
22 been valid.  (Defs.' Mem. in Support of Motion for Sanctions,
23 filed March 28, 2010 [Docket # 19], 12:5-7) ("Plaintiff's
24 counsel, by virtue of Judge Armstrong's October, 2008 *sua*
25 *sponte* order, knew venue was highly questionable and, more
26 likely, improper in California.").  While plaintiff's counsel may
27 have been aware that their argument as to venue was unlikely to
28 succeed, "[s]anctions should be reserved for the 'rare and

10

exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation." Batarse, 115 F.3d at 649; cf. Fed. R. Civ. P. 11(b)(2). This is not such a rare and exceptional case.[5] As such, defendants motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power is DENIED.[6]

**CONCLUSION**

For the foregoing reasons, defendants motion for sanctions pursuant to FRCP 11, 28 U.S.C. § 1927, and the court's inherent power is DENIED.

IT IS SO ORDERED.

DATED: May 14, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] While not directly mentioned in defendants' motion for sanctions, in defendants' motion to transfer venue they relied heavily on a Ninth Circuit opinion which limits the use of RICO's venue provision to situations in which the plaintiff shows that there is "no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 539 (9th Cir. 1986). While the Ninth Circuit's interpretation of RICO's jurisdictional and venue statute is binding on this court, other circuit courts have reached somewhat different conclusions. See Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997). Sanctions should not be granted where a party is arguing for modification or reversal of existing law. As such, an argument that sanctions should be granted because plaintiff's choice of venue was improper under Ninth Circuit precedent must be denied.

[6] In plaintiff's opposition they seek to recover expenses and attorney fees incurred in defending against defendants' motion for sanctions. "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The court finds that under the circumstances of this case such an award is not warranted.